UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHN WIDMARK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. GOMEZ, M. MURO,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00292-HBK (PC)<br><br>ORDER REFERRING CASE TO POSTSCREENING ADR AND STAY OF CASE FOR 60 DAYS |

　　　　Plaintiff David John Widmark is a state prisoner proceeding pro se and *in forma pauperis* on his complaint brought pursuant to 42 U.S.C. § 1983. (Doc. Nos. 7, 9). As set forth in the screening order, the Court determined Plaintiff's complaint states a cognizable Eighth Amendment excessive use of force claim against Defendants A. Gomez and M. Muro but no other claim. (Doc. No. 12 at 1-11). Defendants answered the complaint on February 6, 2023. (Doc. No. 18).

　　　　The Court refers all civil rights cases filed by pro se individuals to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR. No claims, defenses, or objections are waived by the parties' participation.

1    Attempting to resolve this matter through settlement now would save the parties the time
2 and expense of engaging in discovery and preparing substantive dispositive motions.  The Court
3 therefore will continue a STAY of this action for 60 days to allow the parties to investigate
4 Plaintiff's claims, meet and confer, and participate in an early settlement conference.  The Court
5 presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a
6 settlement conference.  If, however, after investigating Plaintiff's claims and meeting and
7 conferring, either party finds that a settlement conference would be a waste of resources, the party
8 may opt out of the early settlement conference.  If either party opts out or the settlement is
9 unsuccessful the Court will enter a discovery and scheduling order.

10    Accordingly, it is **ORDERED**:

11    1.    This action will remain **STAYED for 60** days to allow the parties an opportunity
12 to settle their dispute.  No pleadings or motions may be filed in this case during the stay, and the
13 parties shall not engage in formal discovery.

14    2.    **Within 30 days** from the date on this Order, the parties shall file a notice if they
15 object to proceeding to a settlement conference or if they believe that settlement is not currently
16 achievable.  **If either party objects to a settlement conference the Court will issue a**
17 **scheduling and discovery order.**

18    4.    If neither party has opted out of settlement by the expiration of the objection
19 period, the Court will assign this matter by separate Order to a United States Magistrate Judge,
20 other than the undersigned, for conducting the settlement conference.

21    5.    If the parties reach a settlement prior to the settlement conference, they SHALL
22 file a Notice of Settlement as required by Local Rule 160

23    6.    The Clerk of Court shall serve Deputy Attorney General Garrett Seuell and
24 Supervising Deputy Attorney General Tyler V. Heath with a copy of Plaintiff's complaint (Doc
25 No. 1); the Court's screening Order and (Doc No. 12) and this Order.

26 ///
27 ///
28 ///

7. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

Dated:  February 7, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE