UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHN WIDMARK,<br><br>  Plaintiff,<br><br>  v.<br><br>A. GOMEZ and M. MURO,<br><br>  Defendants. | Case No. 1:22-cv-00292-HBK (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE[1] |

Plaintiff David John Widmark, a state prisoner, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court dismisses this action without prejudice consistent with the Court's Local Rules for Plaintiff's failure to prosecute this action. Specifically, Plaintiff failed to keep the Court apprised of a current address and this action remains stagnant.

**BACKGROUND**

On November 28, 2023, Defendants filed a Motion to modify the discovery and scheduling order, noting that Plaintiff was paroled on May 28, 2023 and had not provided an updated mailing address permitting Defendants to engage in discovery. (Doc. No. 24). On November 30, 2023, the Court granted the Motion and ordered Plaintiff to "promptly file a notice of change of address as required by Local Rule 182(f)" and warned that failure to do so would

---

[1] Both parties consented to magistrate jurisdiction under 28 U.S.C. § 636(c)(1). (Doc. No. 31).

result in dismissal. (Doc. No. 25 at 2). On December 11, 2023, the Court's mailing containing the November 30, 2023 Order was returned "Undeliverable, Paroled, RTS, Not Deliverable as Addressed, Unable to Forward." (*See* docket). Plaintiff's notice of change of address was due February 20, 2024. (*Id*.). Local Rule 183(b). Plaintiff has not filed an updated address as required by Local Rule 182(f) and the time to do so has expired. *See* docket.

## APPLICABLE LAW AND ANALYSIS

Plaintiff was obligated to keep this Court informed of his proper address. Specifically:

> [a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address[.]"). Plaintiff was notified of his obligation to keep the Court informed of his address and advised that the Court would dismiss an action without prejudice if Plaintiff does not update his address within sixty-three (63) days. (Doc. No. 5, VIII.B.). Precedent supports a dismissal of a case when a litigant does not keep the court appraised on his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se plaintiff did not comply with local rule requiring pro se plaintiffs keep court apprised of addresses at all times); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and to provide court with current address); *Davis v. Kern Valley State Prison*, No. 1:22-CV-1489-JLT-EPG (PC), 2023 WL 2992980, at *1, fn 1 (E.D. Cal. Apr. 18, 2023). More than sixty-three (63) days has passed since the Court's November 30, 2023 Order was returned as undeliverable, and Plaintiff has not filed a notice of change of address.

////

////

Accordingly, it is **ORDERED**:

This action is **DISMISSED** without prejudice pursuant to Local Rule 183(b) for Plaintiff's failure to prosecute this action.

Dated:   March 7, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

.